IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Doug Bayne, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>VF Corporation, VF Outdoor Inc., )<br>and Vans Inc., )<br>)<br>    Defendants. )<br>_____) | Civil Action No.: 4:11-cv-373-TLW-SVH |

# ORDER

      The plaintiff, Doug Bayne ("plaintiff"), initiated this civil action in the Court of Common Pleas for Horry County, South Carolina. On February 14, 2011, the defendants, VF Corporation, VF Outdoor Inc, and Vans Inc. ("defendants"), removed this civil action to this Court based on the assertion of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1). On February 22, 2011, the defendants moved to dismiss the plaintiff's complaint or, in the alternative, stay this action and compel the plaintiff to submit to binding arbitration. (Doc. # 6). On March 28, 2011, the parties filed a joint motion to stay this action so the parties can pursue final and binding arbitration of all claims asserted in this case. (Doc. # 11). The motions were referred to United States Magistrate Judge Shiva V. Hodges pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), DSC.

      This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. # 12). On March 29, 2011, the Magistrate Judge issued the Report. In the Report, the Magistrate Judge

1

recommends that this case be dismissed based upon the consent of all parties to the action to transfer all claims between them to binding arbitration. (Doc. # 12). The Magistrate Judge recommends that this Court retain jurisdiction over the parties for all matters relating to this action after binding arbitration, including enforcement of any arbitration judgment rendered. (Doc. # 12). Accordingly, the Magistrate Judge notes that acceptance of the Report would mean the motion to compel arbitration (Doc. # 6) is granted, the motion to dismiss (Doc. # 6) is denied to the extent it is based on a lack of jurisdiction, and the joint motion to stay this action (Doc. # 11) is denied. (Doc. # 12). The parties filed no objections to the Report. Objections were due on April 15, 2011.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**, except to the extent it recommends this Court retain jurisdiction over the parties for matters relating to this action after binding arbitration. (Doc. # 12). For the reasons articulated by the Magistrate Judge, this case is **DISMISSED** based upon the consent of all parties to the action to transfer all claims between them to binding arbitration. Additionally, as recommended by the Magistrate Judge, the defendants' motion to dismiss or, in the alternative, to compel arbitration (Doc. # 6) is **GRANTED** to the extent it seeks to compel arbitration, and the parties' joint motion to stay this action (Doc. # 11) is

**DENIED**.  This Court declines to retain jurisdiction over the parties for matters relating to this action after binding arbitration.[1]

  **IT IS SO ORDERED**.

                s/Terry L. Wooten
                United States District Judge

June 9, 2011
Florence, South Carolina

---

[1] See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of [9 U.S.C.] § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

3